THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ANDREW VALLES,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JAMES HILL, Warden at California Institute for Men, et al.<br><br>　　　　Respondent. | **MEMORANDUM DECISION & ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR OTHER RELIEF**<br><br>Case No. 2:20-cv-00774-DBB<br><br>District Judge David Barlow |

　　　　Petitioner, Andrew Valles, has filed two motions for post-judgment relief: one styled as an Objection to Order; Motion for Reconsideration; Pleading Brief of Petitioner and/or Appellant (the "Motion for Reconsideration") (ECF No. 41) and one styled as an Emergency Motion for Request of Order in Sequential Direct Relation to Prospective Habeas Relief Grant; Supplemental Facts to O&M on File; Motion for Special Transport and Initial Restorative Provisions (the "Motion for Special Relief"). (ECF No. 42.) Both motions are DENIED.

## I. BACKGROUND

　　　　Between July 23, 2002 and May 20, 2003, Petitioner occasionally stayed in the home of his then business partner. (ECF No. 35, at 12.) Petitioner's business partner is the father of two sons, who were, at the time, aged eleven and thirteen. Presentence Investigation Report, S.D.N.Y. No. 0208 1:19 CR 672-01 (WHP). (ECF No. 35-1, at 7–8.) The children accused Petitioner of subjecting them to inappropriate sexual behavior while he was in their home and were interviewed by the police on June 26, 2003. *Id*. Petitioner was charged with three second degree felonies, including sex abuse of a child (Utah Code Ann. § 76-5-404.1 (2023)), and five

1

misdemeanors, including the two counts of attempted dealing of harmful material to a minor (Utah Code Ann. §76-10-1206 (2023)). (ECF No. 34-11, at 1.) In October 2004, Petitioner pleaded guilty to two misdemeanor counts of lewdness involving a child and two misdemeanor counts of attempt to deal in harmful material to a minor. (ECF No. 34-2, at 1–2.) Petitioner's motion to withdraw his plea was denied and sentencing occurred on January 25, 2005. (*Id*. at 2.) Petitioner was sentenced to 365 days for each count, to run consecutively. (*Id*. at 2–3.) On February 18, 2005, Petitioner initiated a direct appeal, which he later withdrew. (ECF No. 34-4.) On July 31, 2006, Petitioner filed an application for post-conviction relief under the Utah Post Conviction Remedies Act (PCRA). (ECF No. 34-7, at 1); *see* U.C.A. §78B-9-101 *et seq*. During that proceeding a witness filed an affidavit on Petitioner's behalf alleging that another witness had threatened her and her husband if they testified on behalf of the defense. (ECF No. 22-2, at 5.) On October 23, 2007, the PCRA petition was dismissed after counsel for Petitioner withdrew from the case, and the court was unable to locate or contact Petitioner. (ECF No. 34-7, at 3.) A warrant for Petitioner's arrest was issued after he violated parole and became a fugitive. (ECF No. 34-11, at 17–18.) Several years after Petitioner's last contact with the court, the court eventually destroyed his PCRA case files. (ECF No. 34-7, at 3.) In late 2019, Petitioner was apprehended, convicted of new crimes and eventually discovered that his 2004 convictions would enhance his sentences. *See,* ECF No. 11, at 34–35. Petitioner then filed a federal petition (Petition) under the Antiterrorism and Effective Death Penalty Act ("AEDPA") seeking to overturn the 2004 convictions. *Id*.; *see* 28 U.S.C. § 2254 (2024).

The Amended Petition asserted ten causes of action: 1) The prosecution violated Petitioner's Constitutional rights to equal protection and due process by failing to discover and disclose that a witness had intimidated potential defense witnesses (ECF No. 22-1, at 6–8);

2

2) Petitioner's trial counsel was constitutionally ineffective by failing to discover the witness intimidation prior to advising Petitioner to accept a plea agreement (*id*. at 8–9); 3) Utah state courts violated Petitioner's Constitutional rights to equal protection and due process by failing to preserve materials related to Plaintiff's PCRA petition (*id*. at 9–11); 4) The judge presiding over Petitioner's PCRA petition violated his Constitutional rights to equal protection and due process (*id*. at 11–13); 5) Malicious prosecution (*id*. at 13-14); 6) Plain error (*id*. at 14); 7) Cumulative error and double jeopardy (*id.* at 15); 8) Wrongful conviction (*id*. at 15–16); 9) False imprisonment (*id.* at 16–17); and 10) Petitioner's requirement to register as a sex offender registration violates his First Amendment protection against government compelled speech. (*id*. at 17–18).

      Defendants filed a Motion to Dismiss (ECF No. 34) arguing that the Petition was untimely by more than a decade, and that Plaintiff had failed to exhaust any of his claims in state court as required by the AEDPA. Petitioner opposed the Motion to Dismiss, arguing that his procedural defaults should be excused because of ineffective assistance of counsel, late discovery of factual predicates and actual innocence. (ECF No. 35.) On July 18, 2023, this court dismissed Petitioner's AEDPA petition as untimely (ECF No. 39) and dismissed the action with prejudice. (ECF No. 40.)

      Petitioner filed a timely Motion for Reconsideration under Federal Rule of Civil Procedure 60(b). The three issues he raises are: 1) Petitioner's AEDPA petition was timely because Petitioner only discovered the factual predicate to his claims after October 2019 (ECF No. 41, at 8); 2) Petitioner is entitled to equitable tolling of the AEDPA period of limitations because his trial counsel provided ineffective assistance by denying him access to the case file for his 2003 Utah criminal proceedings and information that a prosecution witness had

threatened potential witnesses for the defense prior to Petitioner's plea agreement (*id.* at 8–9, 12–16); and 3) Petitioner's plea was not knowing and intelligent because the prosecution failed to discover and/or disclose evidence that a witness had threatened potential witnesses for the defense. (*Id.* at 9–16.) Petitioner's first two claims are repackaged arguments presented in his Opposition to the Motion to Dismiss. The remaining claim is derivative of arguments presented in his Amended Petition and is procedurally defaulted.

## II. LEGAL FRAMEWORK

In relevant part, Rule 60(b) reads:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> . . .
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion." *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). However, "a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d at 1215 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005)).

Thus, the rule interplays with the federal habeas statute about second or successive habeas petitions. The applicable statutory language states:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-- . . .
> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)(B) (2021).

Based on Tenth Circuit law, this court must first determine "whether the motion is a true Rule 60(b) motion or a second or successive petition." *Spitznas v. Boone*, 464 F.3d at 1217; *Gonzalez v. Crosby*, 545 U.S. at 538. The Supreme Court has held that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." *Gonzalez v. Crosby*, 545 U.S. at 538. This court may rule on true Rule 60(b) arguments here. However, "second or successive" issues must be "certified by a panel of the [10th Circuit] pursuant to § 2244 before [they] may proceed in district court." *Spitznas v. Boone*, 464 F.3d at 1215 (citing 28 U.S.C. § 2244 (2021)). Dismissal is proper where a Rule 60 (b) motion "basically revisits, albeit in somewhat different forms, the same issues already addressed and dismissed by the court." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). "In the case of a 'mixed' motion—that is, a motion containing both true Rule 60(b) allegations and second or successive habeas claims—the district court should (1) address the merits of the true Rule 60(b) allegations as it would the allegations in any other Rule 60(b) motion, and (2) forward the second or successive claims to this court for authorization." *Spitznas v. Boone*, 464 F.3d at 1217.

**RULE 60(b) ANALYSIS**

Petitioner's first two claims (pertaining to his late discovery of witness intimidation and the destruction of case materials from his PCRA petition) challenge this court's determination that his Amended Petition is procedurally barred because Petitioner failed to file within the

5

AEDPA period of limitations. These claims address a procedural ruling made by this court and are thus appropriate for a motion under Rule 60(b).

Petitioner continues to argue, as he did in his Opposition to the Motion to Dismiss (ECF No. 35), that his Petition was timely because he did not discover the factual predicates for his claims until after he was arrested in 2019. Petitioner also alludes to his claim of ineffective assistance of counsel arguing that his attorney refused to provide him with access to the case file. This court has already considered and rejected these arguments. *See* ECF No. 39. Petitioner offers no new insight in support of these claims. Petitioner's briefing contains a section on his difficulty obtaining case files while he was incarcerated from April 2004 to July 2006. (ECF No. 41, at 7.) The briefing next describes how he eventually obtained some information about his 2004 convictions after he was arrested in 2019. *Id*. at 8. But Petitioner provides no information about the intervening decade. Petitioner's PCRA petition was dismissed after he absconded from probation and effectively abandoned the suit. *Id*. at 5. After years of silence, the court eventually destroyed his case files, including an affidavit which alleged the witness intimidation filed on Plaintiff's behalf in 2006. (ECF No. 22-2, at 14.) Petitioner has not offered any rationale for his decision to wait until his 2004 convictions were used to enhance his sentences for subsequent convictions to recommence his efforts to overturn the 2004 convictions. Dismissal of the first two claims in Petitioner's Motion for Reconsideration is therefore proper because Petitioner merely repackages unpersuasive arguments from his briefing on the Motion to Dismiss. *See Van Skiver v. United States*, 952 F.2d at 1243.

### III. SECOND OR SUCCESSIVE ANALYSIS

Petitioner's remaining argument, that his 2004 plea was not knowing and intelligent because the prosecution failed to disclose alleged witness tampering, presents an issue that

amounts to a second or successive petition. *See* 28 U.S.C. § 2244(a) (2024). Petitioner's remaining claim, "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *See Spitznas v. Boone*, 464 F.3d at 1215. Petitioner may not file such a petition without authorization from the appropriate federal court of appeals. *Id*. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see* R.9, Rs. Governing § 2254 Cases; *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (citing *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006)) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the Tenth Circuit] has granted the required authorization.")

Petitioner did not obtain authorization from the Tenth Circuit Court of Appeals to file his second or successive petition—i.e., this post-judgment motion arguing that his 2004 guilty was not knowing and intelligent. *See* ECF No. 41, at 9–16. This Court therefore does not have jurisdiction to address its merits.

When a successive § 2254 petition is filed in a district court without the necessary appellate court sanction, it may be transferred under 28 U.S.C. §1631 (2024) to the proper court. *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). However, all unauthorized successive habeas petitions should not automatically be transferred to the Tenth Circuit.

> When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

7

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). This court will only transfer the matter if it determines that it is in the interests of justice to do so.

In deciding that it would not be in the interests of justice to transfer this petition to the Tenth Circuit, this court considered whether the claims would be time barred and whether the claims are likely to have merit. A review of the claims and procedural history establishes that Petitioner's claims would not be valid. The issues presented in the Motion for Reconsideration appear to have been procedurally defaulted. The United States Supreme Court has declared that when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

Utah's Post-Conviction Remedies Act (PCRA) states in relevant part:

> A person is not eligible for relief under this chapter upon any ground that:
> . . .
> (c) could have been but was not raised at trial or on appeal;
> (d) was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief . . . .

Utah Code Ann. § 78B-9-106(1) (2024).

Any remaining issues petitioner now raises could have been raised, either in his direct appeal or in a state post-conviction petition. In fact, Petitioner already raised the issue of the alleged witness intimidation in his PCRA petition. Petitioner abandoned that suit and therefore failed to exhaust any claims. Under Utah law, then, Petitioner may not raise his current

arguments in future state habeas petitions, and the state courts would determine them to be procedurally barred.

In addition, this Court noted that the Court of Appeals will not authorize the filing of a second or successive habeas petition in the district court unless the petitioner can meet the standard prescribed by § 2244(b)(2). Under that standard, the petitioner must show "that the claim relies on a new rule of constitutional law, made retroactive" or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and the facts "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2) (2024). Petitioner attempts to avail himself of this exception. However, Petitioner has offered no explanation why he could not have discovered the factual predicates for his claims through the exercise of due diligence sooner. At the very latest, Petitioner knew or should have known of the alleged witness tampering by July 2006 when an affidavit containing the allegations was filed on Petitioner's behalf in his PCRA case. (ECF No. 22-2, at 14.) But Petitioner abandoned that claim and allowed the period of limitations to lapse. Petitioner's claims are therefore procedurally defaulted.

It would not be in the interests of justice to transfer the petition to the Tenth Circuit. Petitioner has not stated any appropriate legal basis for being allowed to proceed with this successive petition.

### IV. PETITIONER'S MOTION FOR SPECIAL RELIEF

As far as the court can discern, Petitioner's Motion for Special Relief is an attempt to obtain an order immediately implementing specific relief in the event that his 2004 Utah

convictions are overturned. Because the AEDPA petition has been dismissed and Petitioner's Motion for Reconsideration has been denied, the Motion for Special Relief is moot.

## V. ORDER

**IT IS THEREFORE ORDERED** that:

(1) Petitioner's Motion for Reconsideration (ECF No. 41) is **DENIED;**

(2) Petitioner's Motion for Order in Sequential Direct Relation to Prospective Habeas Relief and Motion for Special Transport (ECF No. 42) is **DENIED** as moot.

(3) A certificate of appealability is **DENIED.**

DATED this 13th day of March 2024.

BY THE COURT:

_____
JUDGE DAVID BARLOW
United States District Court