THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ANDREW VALLES,<br><br>Petitioner,<br><br>v.<br><br>JAMES HILL, Warden at California Institute for Men, et al.<br><br>Respondent. | **MEMORANDUM DECISION & ORDER DENYING MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL**<br><br>Case No. 2:20-cv-00774-DBB<br><br>District Judge David Barlow |

Petitioner, Andrew Valles, moves this court to extend his time to file notice of appeal. This court lacks authority to grant Petitioner's motion. Petitioner's motion is therefore DENIED.

**I. BACKGROUND**

On October 12, 2004, Petitioner plead guilty to two misdemeanor counts of lewdness involving a minor and two misdemeanor counts of contributing to the delinquency of a minor. Sixteen years later Petitioner applied for federal habeas relief from his 2004 convictions. (ECF No. 11.) The Petition names the Federal Bureau of Prisons as a party to the action. *Id*. On July 18, 2023, this court denied Petitioner habeas relief on the grounds that his petition was untimely. (ECF No. 39.) The court subsequently denied Petitioner's motion for reconsideration on March 15, 2024. (ECF No. 43.)

On or around June 18, 2024, Petitioner filed a notice of change of address advising the court that he was being transferred from custody of the California Department of Corrections and Rehabilitation to federal custody, without providing a new mailing address. (ECF No. 44.) On July 24, 2024 Petitioner deposited a document into the prison mailing system notifying the court

1

that some of his personal belongings, including legal materials, had been confiscated by the prison. (ECF No. 45.) Petitioner requested copies of his case docket and any documents filed after June 1, 2024. *Id*. On July 30, 2024, Petitioner deposited a document into the prison mailing system requesting that the clerk "Please hold and/or stay all court proceedings, as well as withhold any and all correspondence from the Court, intended for my reception," until Petitioner's transport is complete and Petitioner can provide an updated notice of change of address. (ECF No. 46.)

The court did not receive further correspondence from Petitioner until November 4, 2024. (ECF Nos. 47, 48.) Petitioner placed a motion for status update and an updated notice of change of address into the prison mailing system on October 29, 2024. (ECF No. 47-1.) The motion for status update refers to correspondence with the court in April 2024. (ECF No. 48, at 1.) The case docket has no record of communication from Petitioner in April 2024. Petitioner describes the alleged correspondence as "a request for case status regarding [his motion for reconsideration]." *Id*. The motion for status update also notifies the court that "Between 18 June and 21 October 2024, Petitioner was near entirely without his personal & legal property(ies) while in transit from state to federal custody." (ECF No. 48, at 1.)

Petitioner deposited a notice of appeal of his motion for reconsideration into the prison mailing system on December 23, 2024. (ECF No. 52, at 2.) Petitioner filed a motion for extension of time to file a notice of appeal into the prison mailing system on January 23, 2025. (ECF No. 57-1.) Petitioner's motion for extension of time to file a notice of appeal argues that he did not receive proper notice of the dismissal of his motion for reconsideration because he was being transferred from state to federal custody.

## II. LEGAL FRAMEWORK

When a federal agency is a party to an action, a litigant may file a notice of appeal within 60 days after judgment is entered. 28 U.S.C.S § 2107(b)(2) (2025); Fed. R. App. P. 4(a)(1)(B)(ii). A district court may extend the time to file a notice of appeal if the party moves for an extension within 30 days after the time to file the notice of appeal expires, and the party shows excusable neglect or good cause. 28 U.S.C.S § 2107(c) (2025); Fed. R. App. P. 4(a)(5)(A). A party who is entitled to notice of entry of judgment, but who did not receive such notice within 21 days of its entry, may file a motion to reopen the time for appeal within 180 days after the entry of judgment, or 14 days after receipt of notice, whichever is earlier. 28 U.S.C.S § 2107(c) (2025); Fed. R. App. P. 4(a)(6).

Filing deadlines established by statute are jurisdictional limits. *Bowles v. Russell*, 551 U.S. 205, 214, 127 S. Ct. 2360 (2007). Courts lack authority to grant equitable exceptions to jurisdictional time limits. *Id*. at 215.

## III. ANALYSIS

Petitioner failed to file a timely motion to reopen the period for appeal within the statutory deadlines. Petitioner's motion for reconsideration was denied on March 15, 2024. Petitioner had until May 14, 2024 to file a notice of appeal of the denial of his motion to reconsider the dismissal of his habeas petition. *See* Fed. R. App. P 4(a)(1)(B).

Petitioner claims that he did not receive timely notice of the entry of judgment. Assuming this to be true, Petitioner had until September 11, 2024, to file a motion to reopen the time to appeal. *See* 28 U.S.C.S § 2107(c) (2025); Fed. R. App. P. 4(a)(6) (allowing a litigant who does not receive timely notice of a judgment a maximum of 180 days to file a motion to reopen the time to appeal).

Nothing Petitioner filed prior to September 11, 2024 can be construed as a motion to reopen the time to file a notice of appeal. Petitioner's Motion for Extension of Time to File a Notice of Appeal, deposited in the prison mailing system on January 23, 2025, is untimely. To the extent that Petitioner's notice of appeal, deposited in the prison mailing system on December 23, 2024, can be considered a motion to reopen the period to appeal, it is also untimely.

This court lacks authority to grant an equitable exception to the deadline to file a motion to reopen the time to appeal. *Bowles v. Russell*, 551 U.S. at 215. Accordingly, this court cannot grant the requested relief.

## IV. ORDER

**IT IS THEREFORE ORDERED** that Petitioner's motion for extension of time to file a notice of appeal is **DENIED.**

DATED this 19th day of February 2025.

BY THE COURT:

_____
DAVID BARLOW
United States District Court Judge